STATE of Missouri ex rel. Sergeant
John A. ROGERS, Respondent,

v.

BOARD OF POLICE COMMISSION-
ERS OF KANSAS CITY, Mis-
souri, Appellant.

No. WD 56203.

Missouri Court of Appeals,
Western District.

May 18, 1999.

John Patrick O'Connor, Kansas City, for respondent.

Dale H. Close, Kansas City, for appellant.

HANNA, Judge.

In December of 1996, the Kansas City Police Chief filed charges and specifications with the Board of Police Commissioners of Kansas City alleging that Sergeant John A. Rogers violated personnel policies and procedural instructions and, as a result, the Chief recommended that Rogers be terminated. Approximately one year after the charges were filed against Rogers, and after numerous scheduled hearings had been continued, a hearing was convened.

On the morning of the scheduled hearing, the Board adopted Resolution 97–1 which appointed the Board's Secretary/Attorney as a hearing officer in the Rogers matter. The resolution directed the hearing officer to hear evidence, and then to provide a copy of the transcript and all exhibits to the Board for its consideration and decision. On the day of the hearing, Sergeant Rogers was notified that the hearing would be held in front of the Board's Secretary/Attorney. Rogers objected and the proceedings were adjourned to allow him time to seek a writ from the

circuit court prohibiting the hearing officer from hearing the matter.[1] The issue was briefed, and a hearing was held before the Jackson County Circuit Court. On July 10, 1998, the circuit court entered an order in mandamus directing the Board to conduct Rogers' disciplinary hearing before not less than a quorum of the full Board.[2] The Board appeals from this order, contending that the trial court erred because nothing in § 84.600, RSMo 1994, prohibits the appointment of a hearing officer. Additionally, the Board maintains that the Missouri Administrative Procedure Act allows the Board to appoint hearing officers to conduct evidentiary hearings. We disagree, and therefore affirm the trial court's order in mandamus.

■ Mandamus compels the performance of an act by one who has a duty to perform it. *State of Missouri ex rel. Haley v. Groose*, 873 S.W.2d 221, 223 (Mo. banc 1994). A court should issue mandamus only when a petitioner has shown "a clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached." *State ex rel. Dehn v. Schriro*, 935 S.W.2d 641, 643–44 (Mo.App.1996)(quoting *Naugher v. Mallory*, 631 S.W.2d 370, 374 (Mo.App.1982)).

■ Our review of mandamus is the same as it is in other civil non-jury matters. *State ex rel. Lupo v. City of Wentzville*, 886 S.W.2d 727, 730 (Mo.App.1994). "The discretion of the trial court in granting or refusing a writ of mandamus will not be reversed where it appears to have been lawfully exercised and no abuse is shown." *Williams v. Gammon*, 912 S.W.2d 80, 83 (Mo.App.1995). *See also State ex rel. Childress v. Anderson*, 865

---

1. Rogers claimed that his case turns on the testimony of one witness and, therefore, he believed it was crucial that the Board hear that particular witness, in order to assess her credibility, before making a determination in his case.

2. The trial court did not set forth its reasoning or the basis for its decision. The Board may operate with less than all its members present, as only a quorum is required. *Trusler v. Tate*, 941 S.W.2d 794, 800 (Mo.App.1997)(citing § 84.410, RSMo 1994).

S.W.2d 384, 387 (Mo.App.1993). Since the function of mandamus is to command the performance of a ministerial act, pursuant to a right established by law, *see State ex rel. School Dist. of Springfield R–12 v. Wickliffe,* 650 S.W.2d 623, 626 (Mo. banc 1983), the fundamental issue before us is whether the trial court correctly applied the provisions of § 84.600.[3]

■ Statutory construction rules require us to determine the intent of the legislature "from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). In order to determine whether a statute is clear and unambiguous, we look to whether the language is plain and clear to a person of ordinary intelligence. *Wheeler v. Board of Police Comm'rs of K.C.,* 918 S.W.2d 800, 803 (Mo.App.1996). If the language is ambiguous or leads to an illogical result, we look past the plain and ordinary meaning of the statute. *Id.*

■ The Board contends that the trial court erred because nothing in § 84.600 prohibits the appointment of a hearing officer. Section 84.600 provides, in relevant part:

Police force—probationary term—removal and alternatives (Kansas City)

[P]olice officers shall be appointed to the police force of said city and shall thereafter be subject to discharge or removal only for cause and upon complaint being made or charges being preferred against them ... and they shall have the right to appear before the board at a public hearing ... and be confronted by the witnesses against them and to be defended by counsel and the board after hearing the charges shall take a vote of yeas and nays to be entered upon the records whether or not the charges have been sustained and what punishment, if any, shall be imposed.

*Id.*[4]

Acknowledging that the statute does not expressly authorize the delegation of fact-gathering duties to a hearing officer, the Board refers us to *Brown Group, Inc. v. Administrative Hearing Comm'n,* 649 S.W.2d 874, 878 (Mo. banc 1983). In *Brown,* the Missouri Supreme Court ruled that the Director of Revenue could subdelegate certain acts to subordinates, such as determining additional tax assessments, and that such delegation of authority need not be expressed in a statute if there is reasonable basis for doing so. *Id.* As such, the Board argues that it was proper for it to delegate the duty of gathering evidence to a hearing officer, even though § 84.600 does not expressly authorize such delegation.

*Brown* states that in order for there to be a subdelegation of authority, it must either be expressly allowed by the statute, or it may be implied if "there is a reasonable basis for such implication." *Id.* (citing Forkosch, ADMINISTRATIVE LAW § 86 at p. 120 (1956)). When assessing the reasonableness of the legislative intent, the Court noted that the petitioner was urging an interpretation that would prove so burdensome that the director would be unable to perform his required duties. *Id.* Accordingly, the Court observed that the more reasonable interpretation of the statute would permit the director to delegate some authority to achieve efficient administration. Furthermore, the Court determined that the director "merely delegated the authority to perform the ministerial act of signing the additional assessments, which is a proper subject for delegation." *Id.* at 879.

---

**3.** All statutory references are to Missouri Revised Statutes, 1994, unless otherwise indicated.

**4.** The Board also refers us to § 84.610, which provides for Kansas City police personnel hearings for adverse employment actions short of removal. The statute is not applicable here.

We do not find *Brown* controlling or, under our facts, persuasive. Here, there is no argument that the fact-finding duty is so burdensome as to prevent the Board from discharging its required duties. More importantly, we attach great importance to the duty of determining the facts and credibility, and do not view those responsibilities as a "ministerial act" as described in *Brown*. As the Board recognizes, there is no express authority in § 84.600 to delegate the duty of hearing the case to another, and we conclude that such delegation of authority may not be implied because "there is a reasonable basis for such implication." *Id.* at 878.

■ The Board alternatively argues that the Missouri Administrative Procedure Act, Chapter 536, RSMo 1994, allows administrative agencies to appoint hearing officers to conduct evidentiary hearings for them.[5] The Board first contends that it is subject to the provisions of Chapter 536, citing *Macchi v. Whaley*, 586 S.W.2d 70, 74 (Mo.App.1979). *See also Edmonds v. McNeal*, 596 S.W.2d 403, 405 (Mo.1980); *Wheeler v. Board of Police Comm'rs of K.C.*, 918 S.W.2d 800, 803 (Mo.App.1996). These cases do not discuss a police board's authority to delegate the hearing responsibilities to someone other than itself; rather, they state generally that the Administrative Procedure Act procedurally governs police board disciplinary hearings.

The Board then refers us to three sections of the Administrative Procedure Act which, it contends, support the proposition that the Act authorizes the Board to appoint a hearing officer. The Board first points out that § 536.070(4) specifically states that each "agency" must record and preserve all hearings before it. Since agency is defined in § 536.010(1) as any

administrative *officer* or body, the Board argues that the plain language of Chapter 536 allows an administrative officer to conduct hearings.

The Board also claims that § 536.083 acknowledges that a hearing officer may conduct an administrative hearing, by providing that:

Notwithstanding any other provision of law to the contrary, in any administrative hearing conducted under the procedures established in this chapter, and in any other administrative hearing conducted under authority granted any state agency, no person who acted as a hearing officer or who otherwise conducted the first administrative hearing involving any single issue shall conduct any subsequent administrative rehearing or appeal involving the same issue and same parties.

*Id.*

Finally, the Board argues that § 536.080 allows for agencies to make determinations on the record, as opposed to hearing the evidence in person, by providing that:

1. In contested cases each party shall be entitled to present oral arguments or written briefs at or after the hearing which *shall be heard or read by each official of the agency* who renders or joins in rendering the final decision.
2. In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, *either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs.*

*Id.* (emphasis added).

In support of its argument, the Board relies on *Burgdorf v. Board of Police*

**5.** Sergeant Rogers asserts that the Board has failed to preserve this issue for appeal because they did not make an argument based on the Administrative Procedure Act to the circuit court. *See Artman v. State Board of Registration for Healing Arts*, 918 S.W.2d 247, 252 (Mo. banc 1996)(ruling that an issue

"which was not raised before the Board or the circuit court ... was not preserved for review"). Although we agree that the Board might be barred from raising this argument at this point, we choose to address it because Rogers responded to the issue in his brief to the court.

*Comm'rs*, 936 S.W.2d 227, 232 (Mo.App. 1996). Burgdorf was a police officer who was dismissed by the St. Louis Police Board. He claimed that "the Board lacked subject matter jurisdiction because the record did not affirmatively disclose that the Board members read the record" in its decision, pursuant to the requirement of § 536.080.2. *Id.* The court ruled that the Board did not have to specifically state that it considered the evidence because it will be presumed pursuant to the mandate of § 536.080.2. *Id.*

In *Schrewe v. Sanders*, the court addressed a situation where incoming police commissioners, who had not assumed their duties until after the officer's hearing, participated in the subsequent determination. 498 S.W.2d 775, 777 (Mo.1973). The court found that § 536.080.2 permits a commissioner to participate if the commissioner reads the full record, and "since no rule demands that he be personally present to hear and observe the witnesses as they testify ... the hearing granted in this case was reasonable and adequate where all the testimony and evidence was before the members of the board who join in the decision." *Id.* at 778.[6] The Board argues that, collectively, these cases and the provisions of the Administrative Procedure Act establish that the Board can appoint a hearing officer, as long as the members review the testimony and exhibits before rendering an opinion.[7]

A quick review of the Missouri Revised Statutes reveals numerous statutes in which agencies are specifically authorized to use hearing officers. *See e.g.* § 36.390 (authorizing the use of hearing officers in dismissal hearings under the State Person-

nel Law); § 138.432 (allowing for the designation of hearing officers for appeals to the tax commission); § 208.215 (providing for hearing officers to decide whether a party should not be discharged from a medical institution for the purposes of Medicaid); § 256.480 (authorizing the use of a hearing officer to hear complaints of Geologist Registration Act violations); § 287.962 (providing for the appointment for hearing officers in workers' compensation hearings); § 313.520.2(2) (empowering the executive director of the horse racing commission to, if so designated, act as a hearing officer in hearings before the commission); § 323.110 (providing for agriculture hearing officers to hear matters relating to violations of the statutes regulating petroleum gas); § 361.094 (authorizing the banking board to delegate responsibility for the hearing of appeals to a hearing officer); § 444.789 (appointing a hearing officer to hold hearings and make recommendations under the Land Reclamation Act); §§ 454.470.1(8), 454.475, 454.496, and 454.1005.7 (providing for the use of hearing officers in child support enforcement proceedings); and § 643.100 (designating the use of hearing officers with regard to hearings in front of the air conservation commission). These statutes evidence the fact that the legislature is willing to grant administrative agencies the ability to appoint hearing officers in various types of administrative hearings.

■ There are some cases that have applied the Administrative Procedure Act to disciplinary hearings before the Kansas City Board of Police Commissioners. *See e.g. Curtis v. Board of Police Comm'rs of*

---

6. In both *Burgdorf* and *Schrewe*, the courts interpreted § 536.080(2) to only allow agency members not appointed when a hearing occurred, to read the record prior to joining a decision. *Burgdorf*, 936 S.W.2d at 230; *Schrewe*, 498 S.W.2d at 777. Thus, the courts concluded only that a second evidentiary hearing was not necessary. We also note that, in both cases, the officers' evidentiary hearings were in front of the Board, not a hearing officer. *Id.*

7. The Board also refers us to *Bean v. Missouri Comm'n on Human Rights*, for the proposition that an agency member may determine the credibility of witnesses even though the member was not present to hear and observe the witnesses' testimony. 913 S.W.2d 419, 423 (Mo.App.1996).

*K.C.,* 841 S.W.2d 259, 261 (Mo.App.1992)(describing a Board termination of a police officer as a "contested case" under § 536.140, RSMo 1986). However, the three sections of the Administrative Procedure Act, cited by the Board, only acknowledge the use of hearing officers by some administrative agencies. They do not specifically authorize the use of hearing officers to conduct evidentiary hearings. For example, § 536.010 merely states that if one is a hearing officer at the preliminary stage of procedures, he cannot conduct a subsequent rehearing or appeal. Section 536.080.2 provides that it is acceptable for an agency official to render a final decision, even though they may not have been present when the testimony was given. None of the statutes cited by the Board either direct or provide for a hearing officer. It may be by implication only, and we are not persuaded that the Administrative Procedure Act should control in light of the specific directions in the statute which deals with the hearing. *See State ex rel. Fort Zumwalt School Dist. v. Dickherber,* 576 S.W.2d 532, 536 (Mo. banc 1979). Thus, these statutory provisions cannot be characterized as authorization for the Board to appoint a hearing officer. Although the Administrative Procedure Act is applicable to police board procedures, certainly where there may be gaps in procedures under Chapter 84, where the legislature has made specific provisions, the general provisions of the Administrative Procedure Act will not apply.

In *Union Elec. Co. v. Clark,* the Missouri Supreme Court determined that the specific statute, which provided for judicial review of Public Service Commission orders, was exclusive to the general judicial review provision in the Administrative Procedure Act. 511 S.W.2d 822, 824 (Mo. 1974). *See also American Hog Co. v. County of Clinton,* 495 S.W.2d 123, 126–27 (Mo.App.1973)(stating that § 536.050, which governed declaratory judgments in administrative review cases, was not applicable where there was a specific statutory review statute controlling the planning commission); and *State ex rel. Burns v. Stanton,* 311 S.W.2d 137, 140 (Mo.App.1958)(indicating that "where [an administrative] statute provides the remedy and the procedure to be followed, such procedure must be complied with").

Section 84.600 specifically provides that, after the probationary period has passed, police officers shall be subject to discharge only for cause, and that:

> [C]harges are to be heard by the board, and [the police officer] *shall have the right to appear before the board at a public hearing . . .*

*Id.* (emphasis added).

In *Wheeler v. Board of Police Comm'rs of K.C.,* the Board summarily disposed of the case of a civilian employee by granting the police chief's motion for judgment as a matter of law. 918 S.W.2d 800, 803 (Mo. App.1996). The Board, by ruling the motion in the police chief's favor, denied the employee a public hearing. *Id.* On appeal, the police chief argued that "summary disposal of Wheeler's case was permissible because neither § 84.610 nor Chapter 536 specifically precluded the Board from entering judgment as a matter of law." *Id.* The court dismissed this argument, and held that "administrative agencies have only those powers granted them by statute, and no more . . . [n]either § 84.610 nor Chapter 536 grants the Board authority to dispose of a proceeding brought pursuant to § 84.610 by summary judgment." *Id.*

 "This court 'may not engraft upon the statute provisions which do not appear in explicit words or by implication from other language in the statute.'" *Schuettenberg v. Board of Police Comm'rs of City of St. Louis,* 935 S.W.2d 712, 714 (Mo.App.1996)(quoting *Wilson v. McNeal,* 575 S.W.2d 802, 810 (Mo.App.1978)). Chapter 536 does not grant the Kansas City Police Board explicit authority to appoint hearing officers. On the other hand, § 84.600 specifically states that a Kansas

City police officer who has been dismissed "shall have the right to appear *before the board* at a public hearing." *Id.* (emphasis added). We hold that Rogers' hearing must be before the Board members or a quorum of the Board.

The order in mandamus is affirmed.

SMART, P.J., and LAURA DENVIR STITH, J., concur.