Virdell JACKSON, Respondent,

v.

**BOARD OF DIRECTORS OF THE SCHOOL DISTRICT OF KANSAS CITY, Missouri, Appellant.**

**No. WD 56565.**

Missouri Court of Appeals,
Western District.

Jan. 11, 2000.

Lloyd Koelker, Kansas City, for respondent.

Shirley Ward Keeler, Kansas City, for appellant.

Before: ULRICH, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

The Board of Directors of the School District of Kansas City, Missouri ("board") appeals from the circuit court's judgment overturning the decision of the board to terminate the contract of a permanent teacher, Virdell Jackson. The board contends that the trial court erred in overturning its termination of Jackson's contract as a permanent teacher because 1) the circuit court misinterpreted § 168.118[1] as requiring all board members to be physically present during presentation of oral testimony;[2] and 2) the board's determination was supported by substantial evidence in the record.

We affirm.

### Facts

Virdell Jackson began working for the Kansas City, Missouri School District in 1991. In October 1997, Jackson was suspended by the district and the district notified Jackson of its intention to terminate his employment. Jackson requested a hearing under Chapter 168, which occurred on March 11, 1998.

In keeping with the board's policy, a three-member committee of the board was appointed to conduct the hearing in this case. The committee did not constitute a majority or a quorum of the entire board. At the beginning of the hearing, Jackson unsuccessfully objected to the hearing because less than a quorum of the board was participating.

On April 6, 1998, a majority of the board voted to terminate Jackson's contract. On April 13, 1998, the president of the board signed findings of fact, conclusions of law, and an order terminating Jackson's employment.

Jackson filed a petition for review of the board's decision with the circuit court. The circuit court reversed the board's decision and reinstated Jackson with back pay to the date of the March 11, 1998 hearing. The circuit court held that pursuant to § 162.511, the school board may only conduct business when a quorum is present, and therefore the order terminating Jackson was not founded on lawful procedure and was void. The board now appeals from the circuit court's judgment.

---

1. All statutory references are to RSMo 1994.

2. We note that the circuit court did not interpret § 168.118 as requiring that all board members be physically present during oral testimony. Rather, it required that the board act through a quorum of its members.

## Standard of Review

"When reviewing an administrative decision the question is whether the board or tribunal acted within its authority and reached a conclusion supported by evidence and law. A court does not substitute its judgment for the judgment of an administrative agency acting within its powers." *Hamm v. Poplar Bluff R–1 School Dist.*, 955 S.W.2d 27, 29 (Mo.App. S.D.1997). "Determination of questions of law and interpretation of the meaning of the statutes are part of the judicial function vested in the appellate court." *Baer v. Civilian Personnel Div., St. Louis Police Officers Ass'n*, 747 S.W.2d 159, 160 (Mo.App. W.D.1988).

## Argument

In its first point on appeal, the board claims that the circuit court erred in overturning its termination of Jackson's contract as a permanent teacher because it misinterpreted § 168.118 as requiring all board members to be physically present during presentation of oral testimony. We disagree.

Sections 168.102 through 168.130 are known as the Teacher Tenure Act. "The Teacher Tenure Act evidences a legislative intent to provide substantive and procedural safeguards with respect to tenured teachers. As we view the Act, its purpose is to establish strictly defined grounds and procedures for removing a permanent teacher which may not be evaded or other procedures substituted therefor." *Lindbergh School Dist. v. Syrewicz*, 516 S.W.2d 507, 512 (Mo.App.1974).

Section 168.118 provides as follows:

If a hearing is requested on the termination of an indefinite contract it shall be conducted by the board of education in accordance with the following provisions:

(1) The hearing shall be public;

(2) Both the teacher and the person filing charges may be represented by counsel who may cross-examine witnesses;

(3) Testimony at hearings shall be on oath or affirmation administered by the president of the board of education, who for the purpose of hearings held under sections 168.102 to 168.130 shall have the authority to administer oaths;

(4) The school board shall have the power to subpoena witnesses and documentary evidence as provided in section 536.077, RSMo, and shall do so on its own motion or at the request of the teacher against whom charges have been made. The school board shall hear testimony of all witnesses named by the teacher; however, the school board may limit the number of witnesses to be subpoenaed on behalf of the teacher to not more than ten;

(5) The board of education shall employ a stenographer who shall make a full record of the proceedings of the hearings and who shall, within ten days after the conclusion thereof, furnish the board of education and the teacher, at no cost to the teacher, with a copy of the transcript of the record, which shall be certified by the stenographer to be complete and correct. The transcript shall not be open to public inspection, unless the hearing on the termination of the contract was an open hearing or if an appeal from the decision of the board is taken by the teacher;

(6) All costs of the hearing shall be paid by the school board except the cost of counsel for the teacher;

(7) The decision of the board of education resulting in the demotion of a permanent teacher or the termination of an indefinite contract shall be by a majority vote of the members of the board of education and the decision shall be made within seven days after the transcript is furnished them. A written copy of the decision shall be furnished the teacher within three days thereafter.

The board contends that it properly delegated its authority to conduct hearings to

a three-member committee of the board. In support of its contention, the board cites *Brown Group, Inc. v. Administrative Hearing Commission*, 649 S.W.2d 874, 878 (Mo. banc 1983), for the rule that "[t]he authority to subdelegate need not be expressed in the statute and may be implied if there is a reasonable basis for such implication." In *Brown Group*, the Director of the Department of Revenue delegated the authority to perform the ministerial act of signing certain tax assessments. *Brown Group*, 649 S.W.2d at 879. The court upheld the delegation as valid. *Id.* The court noted that the petitioner urged an interpretation of the statutes that would prove so burdensome that the director would be unable to perform required duties, and that the more reasonable interpretation of the statutes is that they permit the director to delegate certain authority so that efficient administration of the Department of Revenue may be achieved. *Id.* at 878.

In *State ex rel. Rogers v. Board of Police Commissioners of Kansas City*, 995 S.W.2d 1, 4 (Mo.App. W.D.1999), this court stated as follows:

> We do not find *Brown* controlling or, under our facts, persuasive. Here, there is no argument that the fact-finding duty is so burdensome as to prevent the Board from discharging its required duties. More importantly, we attach great importance to the duty of determining the facts and credibility, and do not view those responsibilities as a "ministerial act" as described in *Brown*. As the Board recognizes, there is no express authority in § 84.600 to delegate the duty of hearing the case to another, and we conclude that such delegation of authority may not be implied because "there is a reasonable basis for such implication."

(Citation omitted.) The reasoning we used to distinguish *Brown Group* from *Rogers* is also applicable in the case at bar. There is no argument that the duty of holding a hearing is so burdensome as to prevent the board from discharging its other duties. In addition, the act of holding a hearing is not a ministerial one. Furthermore, there is no express authority in the Teacher Tenure Act that would allow the board to delegate the duty of hearing the case to a committee of the board, and there is no reasonable basis for implication of the power to delegate here.

Citing *Brown v. Weir*, 675 S.W.2d 135, 139 (Mo.App. E.D.1984), the board further contends that subject to statutory guidelines and due process considerations, boards of education have broad powers to delegate in the management of school affairs, including matters relating to the termination of employment. In *Brown*, the board of education granted the superintendent the authority to suspend without salary any certified employee pending a hearing of formal charges before the board. *Brown*, 675 S.W.2d at 139. In finding that the delegation was permissible, the court reasoned that because the superintendent is the one who recommends teachers and reviews their progress, "he is better suited than a distant board to recommend suspension of those same teachers." *Id.* The court also noted that any action taken with regard to the employment or termination of teachers is not final and must be acted upon by the board. *Id.* The court concluded that "[i]t would not be sensible to limit the Board's delegation of this power and, under the statutory scheme and the Board's rulemaking authority, this limitation is not necessary to protect the tenured rights of teachers." *Id.*

Two factors make *Brown* distinguishable from the present case. First, we can find no reason why a committee of the board would be better suited than a quorum of the board to participate in a teacher termination hearing. Second, while it may not have been sensible to limit the board's delegation of the power to suspend, it is sensible to limit the board's delegation of the duty to conduct a hearing in teacher termination cases. As we stated in *Rogers*, 995 S.W.2d at 4, "we attach great

importance to the duty of determining the facts and credibility" at a hearing, and therefore the limitation on the board's ability to delegate this duty is necessary to protect the rights of teachers.

Next the board contends that the language used in § 168.118(7) indicates that the legislature did not intend to restrict the board's power to authorize hearings by less than a quorum of the board. Section 168.118(7) provides, in relevant part, that "[t]he decision of the board of education resulting in the demotion of a permanent teacher or the termination of an indefinite contract shall be by a majority vote of the members of the board of education and the decision shall be made within seven days after the transcript is furnished them." The board contends that the reference in this section to "a majority vote of the members of the board" indicates that in the other sections of the statute, where the legislature refers only to the "board" and not to the "members" or "majority," the legislature was merely referring to the board in general and specifying the procedures to be followed by the agency as an entity. The board argues that reference to members of the board in § 168.118(7) shows that the legislature knew how to express its intent to require a certain level of board member participation in an activity and supports an inference that in regard to those functions for which this terminology is not used, the board has the authority to subdelegate.

■ In determining the meaning of a statute, we start with the plain language of the statute itself. *International Business Machines Corp. v. Director of Revenue*, 958 S.W.2d 554, 557 (Mo. banc 1997). We have a duty to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in their plain and ordinary meaning. *State ex rel. Baumruk v. Belt*, 964 S.W.2d 443, 446 (Mo. banc

1998). "In determining the legislature's intention, the provisions of the entire legislative act must be construed together, and if reasonably possible, all the provisions must be harmonized." *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985).

We do not interpret the Assembly's reference to the "members of the board" in § 168.118(7) to mean that every other place the Assembly refers simply to "the board" it is referring to the board in general and specifying the procedures to be followed by the board as an entity. The Assembly refers to "the board" several times throughout the Teacher Tenure Act where clearly only a majority or quorum of the board is allowed to act.[3]

This court recently addressed an issue similar to the one in the present case in *State ex rel. Rogers v. Board of Police Commissioners of Kansas City*, 995 S.W.2d 1 (Mo.App. W.D.1999). In *Rogers*, the police chief recommended that a police officer, John Rogers, be terminated. *Rogers*, 995 S.W.2d at 2. Rogers had a right to a hearing under § 84.600, which gives police officers the right "to appear before the board at a public hearing." *Id.* at 3. On the day of the hearing, Rogers was notified that the hearing would be held in front of an appointed hearing officer, rather than the actual Board of Police Commissioners. *Id.* at 2. Rogers then sought a writ prohibiting the hearing officer from hearing the matter. *Id.* The circuit court entered an order in mandamus directing the board to conduct Rogers' disciplinary hearing before not less than a quorum of the full board. *Id.*

The board attempts to distinguish *Rogers* by contending that the language in the statute in *Rogers* entitled the officers to "appear before the board at a public hearing," while the language in the statute in this case provides that the hearing "shall

---

**3.** For example, § 168.114.1 states that "[a]n indefinite contract with a permanent teacher shall not be terminated by the board of edu-

cation of a school district except for the following causes...."

be conducted by the board" and the board "shall hear testimony of all witnesses named by the teacher...." We find that this is a distinction without a difference, particularly in light of this court's past reference to a teacher's right to a hearing "before the school board," which is language similar to that of the statute in *Rogers.* *See Kish v. Chilhowee R–IV School Dist.,* 814 S.W.2d 649, 652 (Mo.App. W.D.1991).

Next the board contends that a "hearing" by an agency does not require a physical appearance before the decision-making entity. In support of its argument, the board cites *Schrewe v. Sanders,* 498 S.W.2d 775 (Mo.1973); *Kraus v. Director of Revenue,* 935 S.W.2d 71 (Mo.App. W.D. 1996); *Webb v. Board of Police Comm'rs of Kansas City,* 736 S.W.2d 451 (Mo.App. W.D.1987); *Bean v. Missouri Comm'n on Human Rights,* 913 S.W.2d 419 (Mo.App. E.D.1996); and *Phil Crowley Steel Corp. v. King,* 778 S.W.2d 800 (Mo.App. E.D.1989). However, all of the cases cited by the board concern the ability of one or more persons who did not participate in an administrative hearing to render or participate in rendering a final decision in a case. None of the cases the board cites address the issue in this case, i.e., whether a decision-making entity may delegate its statutory authority to hear cases.

The board further contends that the Missouri Administrative Procedure Act applies to school board hearings and allows decision-making absent physical presence during oral testimony. Specifically, the board contends that § 536.080 allows board members who do not participate in a hearing to join in rendering a final decision. Section 536.080 provides as follows:

1. In contested cases each party shall be entitled to present oral arguments or written briefs at or after the hearing which shall be heard or read by each official of the agency who renders or joins in rendering the final decision.

2. In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs. The parties to a contested case may by written stipulation or by oral stipulation in the record at a hearing waive compliance with the provisions of this section.

This argument was also addressed in *Rogers,* 995 S.W.2d at 4–6. We held that "[a]lthough the Administrative Procedure Act is applicable to police board procedures, certainly where there may be gaps in procedures under Chapter 84, where the legislature has made specific provisions, the general provisions of the Administrative Procedure Act will not apply." *Rogers,* 995 S.W.2d at 6. We found that while the Administrative Procedure Act makes it acceptable for an agency official to render a final decision even though he was not present to hear testimony, it does not direct or provide for a hearing officer. *Id.* On the other hand, we found that § 84.600 specifically stated that a police officer who has been dismissed has the right to appear before the board at a public hearing. *Id.* at 6–7. Therefore, we concluded that the Administrative Procedure Act did not control the issue. *Id.* at 6. Similarly, in this case, the Teacher Tenure Act specifically addresses a teacher's right to a hearing conducted by the board, while the Administrative Procedure Act does not grant the school board explicit authority to appoint a committee to conduct hearings.[4]

Section 162.511 provides that a majority of the board constitutes a quorum for the

4. As we pointed out in *Rogers,* 995 S.W.2d at 5, there are numerous statutes in which the legislature has specifically granted administrative agencies the power to delegate their authority to conduct hearings. This indicates that if the legislature had intended to allow the school board to delegate its authority to conduct hearings, it would have clearly indicated its intent to do so.

transaction of business. The three-member committee appointed to conduct the hearing in this case did not constitute a quorum of the nine-member board. Therefore, the board did not have the authority to delegate its duty to conduct the hearing in this case to the committee. We hold that Jackson's hearing was required to be held before, at a minimum, a quorum of the board.

The second point on appeal is that the trial court erred in overturning the school board's termination of Jackson's contract as a permanent teacher because the board's determination was supported by substantial evidence in the record. Be-cause of our finding that the board used improper procedure in hearing Jackson's case, we do not address this point.

The judgment of the trial court is affirmed.

ULRICH, P.J., and EDWIN H. SMITH, J., concur.