STATE of Missouri, ex rel. NORANDA ALUMINUM, INC., Respondent,

and

Associated Natural Gas, Appellant–Respondent,

v.

PUBLIC SERVICE COMMISSION, Appellant–Respondent,

and

Office of the Public Counsel, Appellant–Respondent.

Nos. WD 57012, WD 57032–WD 57034.

Missouri Court of Appeals, Western District.

May 16, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 2000.

Application for Transfer Denied Aug. 29, 2000.

Gary Duffy, Jefferson City, for appellant.

Robin Fulton, Fredericktown, Douglas Micheel, Thomas Schwarz, Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Associated Natural Gas (Associated) appeals on a number of grounds the circuit court's judgment to affirm in part and reverse in part the Public Service Commission decision granting Associated's request for a natural gas rate hike. Because the commission did not make findings of fact that enable us to conduct meaningful judicial review, we remand the case to the commission with instructions that it enter proper findings of fact and conclusions of law.

The courts have differed on the source of the commission's obligation to prepare findings of fact and conclusions of law. This court declared recently that § 536.090 [1] is applicable to the commission's decisions and requires "a concise statement of the findings on which the agency bases its order." *Deaconess Manor Association v. Public Service Commission of the State of Missouri,* 994 S.W.2d 602, 612 (Mo.App.1999). The Supreme Court has looked exclusively to § 386.420 as the source for the commission's obligation to make findings of fact although this statute does not mention findings of fact. The Supreme Court has interpreted § 386.420 as requiring the commission to issue written decisions which include findings of fact that are not

---

1. All citations to statutes refer to the 1994 Revised Statues unless otherwise stated.

"completely conclusory." *State of Missouri, ex rel. Monsanto Company v. Public Service Commission of Missouri*, 716 S.W.2d 791, 795 (Mo. banc 1986) (relying on *State ex rel. Rice v. Public Service Commission*, 359 Mo. 109, 220 S.W.2d 61 (1949), and *State of Missouri, ex rel. Fischer v. Public Service Commission of Missouri*, 645 S.W.2d 39 (Mo.App.1982), *cert. denied*, 464 U.S. 819, 104 S.Ct. 81, 78 L.Ed.2d 91 (1983)).

■ One purpose of Chapter 536 is to fill in gaps in administrative procedures. *State of Missouri, ex rel. Rogers v. Board of Police Commissioners of Kansas City*, 995 S.W.2d 1, 6 (Mo.App.1999); *Minx v. State Department of Social Services, Division of Child Support Enforcement*, 945 S.W.2d 453, 455–56 (Mo.App.1997). Because § 386.420 does not provide any guidance as to what constitutes proper findings of fact, we conclude that § 536.090 fills in the gaps of § 386.420 and is equally applicable to the commission's decisions. Indeed, the General Assembly declared in § 536.090 that it applied to "[e]very decision and order in a contested case."

■ The commission entered extensive findings of fact in this case, filling more than 27 pages. Ironically, very little of what the commission said actually constituted findings of fact. Its findings could best be described as a general discussion of the parties' positions and a brief explanation of which position the commission deemed correct. For example, in its finding concerning recovery of gathering and transportation costs, the commission said:

> Currently [Associated] has tariffed rates to recover a portion of the costs for gathering and transmission (G & T) facilities of the Arkansas Western Gas Division of Arkansas Western Gas Company (Arkansas Western). These [Associated] facilities are located in Northwest Arkansas and are used for the delivery of gas to [Associated's] SEMo district. [The commission's staff] recommends that [Associated] modify its transportation tariff and Purchase Gas

> Adjustment Clause (PGA) tariff to remove these rates. Staff believes [Associated] should be allowed to recover reasonable G & T costs which will be reviewed by the [c]ommission under the Actual Cost Adjustment (ACA) process; however, [s]taff maintains that the [c]ommission should not pre-approve these costs in [Associated's] tariffs. Staff argues that its proposal is consistent with the Federal Engergy Regulatory Commission's (FERC's) Order 636 which restructured the natural gas industry and deregulated gathering costs so that the recovery of these costs is based on a competitive market.

> [Associated] disagrees with [s]taff and requests that the [c]ommission continue to establish the rate using cost of service principles applicable to G & T facilities and costs. [Associated] argues that the G & T facilities are no different from other Arkansas Western facilities located in Arkansas which the [c]ommission routinely includes in [Associated's] base rates. [Associated] proposes to establish a crediting mechanism to return a portion of the revenue from transportation customers back to the system supply customers. [Associated] further proposes modification of language in the PGA to clarify that the G & T rate applies to volumes flowing through the NOARK Pipeline.

> Public [c]ounsel did not take a position on this issue. Noranda supports [s]taff's position.

> The [c]ommission will rule in favor of [s]taff and Noranda on this issue. The [c]ommission will order [Associated] to modify its transportation tariff and PGA [c]lause tariff to remove references to the rates for recovery of G & T costs as recommended by [s]taff. The [c]ommission finds that [s]taff's proposal will allow Missouri transportation customers to negotiate the best G & T rates available and will allow [Associated] to recover from sales customers all prudently incurred G & T costs which will be

reviewed by the [c]ommission under the ACA process.

The commission did not recite any facts on which it based its conclusory finding that its staff's proposal will allow Associated's transportation customers in Missouri to negotiate the best gathering and transportation rates. It merely noted the debating issues and declared that its staff and Noranda were the winners. It did not find any nonconclusory facts which would help us understand the basis for its decision. The only means by which we could review the commission's conclusion would be to comb through the record looking for evidence that supported it and presuppose that the commission accepted this evidence as true. This is unacceptable.

■ The commission responds that, in past cases, the judiciary has patiently accepted its "discursive form" for declaring its findings of fact. Although not helpful, the commission's rambling style is not what causes us difficulty.[2] We note that § 536.090 requires that findings of fact and conclusions of law be separated and that the commission's mixing numerous findings of law with its findings of fact violates this requirement. Of more significance is the decision's not informing us on which facts it based its decision, other than its completely conclusory finding that its staff's "proposal will allow Missouri transportation customers to negotiate the best G & T rates."

■ The commission failed to fulfill its duty of crafting findings of fact which set out the basic facts from which it reached its ultimate conclusion that its staff and Noranda were correct. As the Supreme Court instructed more than 35 years ago: "Courts do not want agencies to include detailed summaries of testimony in their findings; they want what they call the basic facts. * * * The basic findings are those on which the ultimate finding rests; the basic findings are more de-

tailed than the ultimate finding but less detailed than a summary of the evidence." 2 Davis, Administrative Law Treatise, Section 16.06, pages 450, 451. Only when the administrative agency makes such basic findings can a court [properly] perform its limited function of review of the administrative action. To repeat Judge Hyde's statement in *Michler v. Krey Packing Co.*, 363 Mo. 707, 253 S.W.2d 136, 142, "In any case, [findings] should be sufficient to show how the controlling issues have been decided."

*St. Louis County Water Company v. State Highway Commission of Missouri*, 386 S.W.2d 119, 125 (Mo. banc 1964). We would add that we certainly do not need or want detailed summaries of parties' arguments.

The commission apparently ignored our admonition to one its sister administrative agencies:

[M]erely reciting the testimony ... does not establish which of the facts set forth in the [recitation] the [agency] found to be true. [An agency] must make unequivocal, affirmative findings of the facts. *Parrott v. HQ, Inc.*, 907 S.W.2d 236, 244 (Mo.App.1995). [Mere recitation of testimony] is of no help to us in determining what facts the [agency] found. It provides nothing for a meaningful judicial review.

*Loepke v. Opies Transport, Inc.*, 945 S.W.2d 655, 661 (Mo.App.1997). Nor did the commission seem to note our earlier admonition that, "[w]ithout specific findings of fact ..., it is impossible to determine whether the action of the [agency] was supported by substantial evidence." *Webb v. Board of Police Commissioners of Kansas City*, 694 S.W.2d 927, 929 (Mo. App.1985) (wherein this court noted that agencies had been admonished since at

---

**2.** As we note infra, the judiciary has been "objecting" for many years to administrative agencies' not fulfilling their duties of crafting

proper findings of fact and conclusions of law.

least 1952 of their obligation to make adequate findings of fact).

■ The commission has not given us the requisite specific findings of fact in this case. This leaves us with no basis for determining whether the commission's decision was supported by substantial and competent evidence. We, therefore, remand the case to the commission with instructions that it enter findings of fact and conclusions of law which comply with its obligations under §§ 386.420 and 536.090.

JOSEPH M. ELLIS, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.