AT & T COMMUNICATIONS OF THE SOUTHWEST, INC., and AT & T Wireless Services, Inc., Cellco PTN., Cybertell Cellular Telephone Company d/b/a Verizon Wireless, Sprint Spectrum d/b/a Sprint PCS, Southwestern Bell Telephone Company, Southwestern Bell Wireless, LLC ., Appellants,

State of Missouri, ex rel., Alma Telephone Company, Chariton Valley Telephone Corporation, Choctaw Telephone Company, Mid–Missouri Telephone Company, Mo–Kan Dial, Inc., Peace Valley Telephone Company, State of Missouri, ex rel., BPS Telephone Company, Respondents,

v.

PUBLIC SERVICE COMMISSION OF THE STATE OF MISSOURI, Appellant.

Nos. WD 59277, WD 59370, WD 59336, WD 59371, WD 59369, WD 59393.

Missouri Court of Appeals, Western District.

Oct. 30, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 2001.

Application for Transfer Denied Jan. 22, 2002.

Paul S. Deford, Kansas City, for appellant AT&T Communications and AT&T Wireless Services.

James F., Mauze, St. Louis, for appellant. Cellco PTN and Cybertell Cellular Telephone Co.

Paul G. Lane, St. Louis, for appellant Southwestern Bell Tel. Co.

Charles W. McKee, Overland Park, KS, Paul H. Gardner, Jr., Jefferson City, for appellant Sprint Spectrum.

Larry W. Dority, Jefferson City, for appellant Southwestern Bell Wireless.

Dan K. Joyce, Marc D. Poston, Jefferson City, for appellant Missouri Public Service Com'n.

Craig S. Johnson, Jefferson City, for respondent Alma Tel. Co., Inc.

William R. England, III, Jefferson City, for respondent BPS Tel. Co.

Before BRECKENRIDGE, P.J., ELLIS, J. and TURNAGE, S.J.

PATRICIA BRECKENRIDGE, Judge.

Appellants, the Public Service Commission and a group of wireless carriers and competitive local exchange carriers, appeal the circuit court's judgment reversing the Commission's decision to reject tariffs proposed by Respondents, a group of small rural telephone companies.[1] Because this court finds that the Commission failed to make sufficient findings of fact, the case is remanded to the Commission with instructions that it enter proper findings of fact and conclusions of law pursuant to §§ 386.420 and 536.090, RSMo 2000 .[2]

After a hearing before the Commission, § 386.420.2 requires the Commission "to make a report in writing in respect thereto, which shall state the conclusions of the [C]ommission, together with its decision, order or requirement in the premises." As this court stated in *State ex rel. Noranda Aluminum, Inc. v. Pub. Serv. Comm'n,* the Supreme Court has interpreted § 386.420 to require the Commission to include findings of fact in its decision, and those findings must not be " 'completely conclusory.' " 24 S.W.3d 243, 244–45 (Mo.App.2000) (quoting *State ex rel. Monsanto Co. v. Pub. Serv. Comm'n,* 716 S.W.2d 791, 795 (Mo. banc 1986)). Because § 386.420 does not set forth the requirements for sufficient findings of fact, this court has applied the requirements for findings of fact contained in § 536.090, since § 536.090 is applicable to all decisions in contested cases. *Id.* at 245; *Deaconess Manor Ass'n v. Pub. Serv. Comm'n,* 994 S.W.2d 602, 612 (Mo.App.1999). Section 536.090 provides:

Every decision and order in a contested case shall be in writing, and, except

1. For clarity's sake, this court will refer to the appellant wireless carriers and competitive local exchange carriers collectively as "the wireless carriers."

2. All statutory references are to the Revised Statutes of Missouri 2000.

in default cases or cases disposed of by stipulation, consent order or agreed settlement, the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order.

The determination of whether the Commission made sufficient findings of fact under §§ 386.420 and 536.090 is a question of law for this court to independently decide. *Friendship Vill. of South County v. Pub. Serv. Comm'n,* 907 S.W.2d 339, 345 (Mo.App.1995).

In its decision in this case, the Commission summarized the parties' positions in its "Discussion" section. Also in this section, the Commission discussed the Federal Communications Commission's report and order implementing the Telecommunications Act of 1996. The Commission ends the "Discussion" section by concluding that, based upon the FCC's report and order, the proposed tariffs are unlawful.

The Commission then set out its findings of fact. The Commission's entire "Findings of Fact" section stated:

The Missouri Public Service Commission, having considered all of the competent and substantial evidence upon the whole record, makes the following findings of fact. The positions and arguments of all of the parties have been considered by the Commission in making this decision. Failure to specifically address a piece of evidence, position or argument of any party does not indicate that the Commission has failed to consider relevant evidence, but indicates rather that the omitted material was not dispositive of this decision.

The Commission finds that there are no facts in dispute.

The Commission next set out its "Conclusions of Law":

1. The Commission finds that local traffic is not subject to switched access charges.

2. The Commission finds that [commercial mobile radio service] traffic to and from a wireless network that originates and terminates within the same [major trading area] is local traffic, regardless of the number of carriers involved.

3. The Commission finds that the proposed tariffs are not lawful and must be rejected because they would allow Applicants to charge switched access rates for local traffic.

In determining whether the findings of fact in this case comply with § 536.090, we are guided by this court's recent decision in *Noranda,* 24 S.W.3d 243. In *Noranda,* this court determined that it was unable to "conduct meaningful judicial review" of the Commission's decision in that case because the Commission failed to make sufficient findings of fact. *Id.* at 244. The findings of fact in *Noranda* consisted of "a general discussion of the parties' positions and a brief explanation of which position the [C]ommission deemed correct." *Id.* at 245. The Commission did not recite any "nonconclusory facts" on which it based its decision, rather, the Commission "merely noted the debating issues and declared that its staff and Noranda were the winners." *Id.* at 246. This court stated that the only way that it could review the Commission's decision "would be to comb through the record looking for evidence that supported it and presuppose that the [C]ommission accepted this evidence as true," a course of action which this court found to be "unacceptable." *Id.* Although *Noranda* was decided after the Commission entered its order in this case, the

Commission's duty to provide sufficient findings of fact upon which it bases its order existed, and was articulated, long before *Noranda*. *See id.* (quoting the Supreme Court's statement in *St. Louis County Water Co. v. State Highway Comm'n*, 386 S.W.2d 119, 125 (Mo.1964), a case decided over 36 years ago, that an agency needs to provide the "basic findings" on which its ultimate finding rests, and "[o]nly when the administrative agency makes such basic findings can a court [properly] perform its limited function of review of the administrative action."). *See also Monsanto Co.*, 716 S.W.2d at 794–96.

In this case, the Commission's "findings of fact" not only were inadequate, they were nonexistent. Although concise, the Commission's statement that "there are no facts in dispute" does not comply with the requirement of § 536.090 that the Commission's findings of fact "include a concise statement of the findings on which the agency bases its order." Rather, the Commission's "findings of fact" provided no factual basis for its decision that the proposed tariffs were unlawful.

▉ Nevertheless, the Commission and the wireless carriers argue that findings of fact were unnecessary in this case because the facts were undisputed. The only way for this court to determine which of the undisputed facts form the basis for the Commission's decision, however, is to comb through the more than 1500 pages of transcripts, affidavits, pleadings, and other documents that constitute the record in this case. As this court has stated, "[f]indings of fact must be sufficiently definite and certain under the circumstances of the particular case to enable the court of review to review the decision intelligently and ascertain if the facts afford a reasonable basis for the order *without resorting to the evidence*." *Friendship Vill.*, 907 S.W.2d at 347–48 (emphasis added).

Moreover, although the Commission and the wireless carriers also argue that the factual findings were "necessarily implied" in the remainder of the Commission's order, i.e., the "Discussion" and "Conclusions of Law" sections, § 536.090 requires the findings of fact to be stated separately from the Commission's conclusions of law. *Noranda*, 24 S.W.3d at 246.

▉ Finally, the Commission and the wireless carriers argue that findings of fact were unnecessary because the sufficiency of the evidence to support the Commission's decision is not at issue on appeal. The function of this court in reviewing the Commission's decision is to determine whether the decision is both lawful and reasonable. *State ex rel. Associated Natural Gas Co. v. Pub. Serv. Comm'n*, 37 S.W.3d 287, 292 (Mo.App.2000). In determining whether the decision is reasonable, this court must decide " 'whether it was supported by competent and substantial evidence upon the whole record; whether it was arbitrary, capricious, or unreasonable; or whether the [Commission] abused its discretion.' " *Id.* (quoting *State ex rel. Inter–City Beverage Co., Inc. v. Pub. Serv. Comm'n*, 972 S.W.2d 397, 401 (Mo.App. 1998)). The factual basis for the Commission's decision is, therefore, necessary for this court to conduct "meaningful judicial review." *Noranda*, 24 S.W.3d at 244. Because the Commission provided the court with no factual basis in this case, the case is remanded to the Commission with instructions that it enter findings of fact and conclusions of law in compliance with §§ 386.420 and 536.090.

All concur.