IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1997

FILED

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A.# W1999-02144-CCA-R3-CD |
| | ) | |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | HON. FRED AXLEY, JUDGE |
| | ) | |
| COLLIER V. HARRIS, | ) | |
| | ) | (FIRST DEGREE MURDER IN |
| Appellant. | ) | THE PERPETRATION OF THEFT) |

FOR THE APPELLANT:

**A. C. WHARTON**
District Public Defender

**W. MARK WARD**
Assistant Public Defender
147 Jefferson, Suite 900
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**EDGAR PETERSON**
Assistant District Attorney General

**LORRAINE CRAIG**
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Collier V. Harris, was convicted in the Shelby County

Criminal Court of first degree murder committed during the perpetration of theft,

in violation of Tennessee Code Annotated section 39-13-202(a)(2). He received a sentence of life imprisonment. He raised ten (10) issues on appeal. In an opinion filed on December 3, 1997, this court affirmed the conviction. Defendant subsequently filed an application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure.

On September 13, 1999, the Supreme Court of Tennessee filed an order remanding the case to this court. The order states in its entirety as follows:

> Upon consideration of the application for permission to appeal and the entire record before us, the Court is of the opinion that the application should be, and is, hereby, granted for the sole purpose of remanding the case to the Court of Criminal Appeals for reconsideration in light of the Court's opinion in State v. Buggs, 995 S.W.2d 102 (Tenn. 1999).

> PER CURIAM

Based upon our review of Buggs, the sole issue raised by the Defendant on appeal which would be relevant to the supreme court's opinion in Buggs, is the Defendant's challenge to the sufficiency of the evidence to support a conviction for "felony murder" committed during the perpetration of theft.

Our opinion previously filed in this case provides a detailed statement of the facts proven at trial. Of course, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). In this light, the proof at trial showed that Defendant entered the victim's home after 1:00 a.m. and before 5:00 a.m. on November 29, 1992. The Defendant and victim knew each other. The Defendant strangled the victim, struck her with a blunt object which smashed or actually burst her liver at four (4) different sites causing it to "bleed out," and stabbed her at least twelve (12) times, including two (2) wounds through the victim's heart. When he left her home, he took her new bank ATM card to a First

Tennessee Bank in Millington, where the victim resided, and withdrew $30.00 from her account at approximately 5:10 a.m. on November 29, 1992. The Defendant's activities at the ATM machine were recorded on video tape. When Walter Blaydes, another acquaintance of the victim, left her home at approximately 1:00 a.m. on November 29, she was fine, and the ATM card remained on a table in her home where Blaydes had observed it earlier in the evening.

In State v. Buggs, supra, our supreme court held:

> The law does not require that the felony necessarily precede the murder in order to support a felony-murder conviction. The killing may precede, coincide with, or follow the felony and still be considered as occurring "in the perpetration of" the felony offense, so long as there is a connection in time, place, and continuity of action.

Buggs, 995 S.W.2d at 106.

However, the court further held that:

> Thus, in a felony-murder case, intent to commit the underlying felony must exist prior to or concurrent with the commission of the act causing the death of the victim.
>
> Proof that such intent to commit the underlying felony existed before, or concurrent with, the act of killing is a question of fact to be decided by the jury after consideration of all the facts and circumstances. [citations omitted].

Id. at 107

The supreme court further overruled Mullendore v. State, 183 Tenn. 53, 191 S.W.2d 149 (1945), to the "extent that Mullendore stands for the proposition that intent to commit a felony may be presumed from the act of committing that felony." Buggs, 995 S.W.2d at 108.

More significantly, however, the supreme court further noted that Mullendore "still stands for the proposition that the jury may reasonably infer from

a defendant's actions immediately after a killing that the defendant had the intent to commit the felony prior to, or concurrent with, the killing." Id. at 108.

As the supreme court did in State v. Buggs, supra, we conclude herein that there was ample proof from which the jury could rationally infer that the victim's murder was committed in the perpetration of theft, and specifically that the Defendant had the intent to commit the theft prior to, or concurrent with, the killing. The jury could easily rationally infer that when the Defendant left the victim's residence, he took the ATM card with him. The hour that it was used to obtain the $30.00 also shows that by Defendant's actions "immediately after the killing," he had the intent to commit the felony prior to or concurrent with, the killing. See Buggs, 995 S.W.2d at 108.

We hereby affirm the conviction of Defendant for first degree murder committed in the perpetration of theft on the issue of sufficiency of the evidence in light of State v. Buggs, 995 S.W.2d 102 (Tenn. 1999) and in addition reaffirm and ratify all other portions of our opinion filed in this cause on December 3, 1997.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
JOHN H. PEAY, Judge