**Kevin SCHUETTENBERG,**
**Plaintiff–Appellant,**

**v.**

**BOARD OF POLICE COMMISSIONERS**
**OF THE CITY OF ST. LOUIS, et**
**al., Defendants–Respondents.**

**No. 70000.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 22, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 1996.

Application to Transfer Denied
Jan. 21, 1997.

---

taken to St. Louis University Hospital for medical treatment. An Incident Report was prepared regarding the incident.

The Board subsequently charged Schuettenberg with four violations of Department rules and regulations, including two counts of false reporting and two counts of conduct unbecoming. Based on these charges, Schuettenberg was terminated on March 27, 1991. He was not afforded an opportunity to respond to the charges or to challenge the dismissal.

Schuettenberg filed a claim for compensation under the Missouri Workers' Compensation Law for his work-related accident and received an award on April 15, 1992. The Administrative Law Judge found Schuettenberg suffered a compensable injury. The Board failed to properly appeal the award and it is now final.

On July 20, 1992, Schuettenberg filed this wrongful discharge action against the Board. Schuettenberg alleged that he was an employee who could only be discharged if he was found "unfit" to perform his duties. Consequently, he claims he had a constitutionally protected property interest in his employment and was entitled to a hearing regarding his termination.

The Board filed a motion for summary judgment. The trial court granted the motion on the ground that Schuettenberg was "an employee at will, without a property interest in continued employment under governing state law." This appeal followed.

■ Schuettenberg maintains on appeal that he was an employee who could only be discharged "for cause" and, as such, was entitled to a hearing regarding his termination. His argument is premised on § 84.040 RSMo Cum.Supp.1992 which provides, in part, as follows:

**Police commissioners—qualifications—term of office—oath—compensation.—** ... the said commissioners and the said mayor shall take and subscribe before the same judge or clerk the further oath or affidavit that in any and every appointment or removal to be made by them to or from the police force created and to be organized by them under sections 84.010 to

Feldacker & Cohen, P.C., Bruce C. Cohen, St. Louis, for plaintiff–appellant.

Tyrone A. Taborn, City Counselor, Richard J. Mehan, Asst. City Counselor, St. Louis, for defendants–respondents.

HOFF, Judge.

Kevin Schuettenberg, a mechanic trainee employed by the Board of Police Commissioners of the City of St. Louis, brought this wrongful discharge action. The trial court sustained the Board's motion for summary judgment and Schuettenberg appeals. We affirm.

■ Our review of the propriety of a summary judgment is essentially *de novo.* *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). In this case, there is no genuine issue as to any material fact. The parties agree this case concerns the construction of a statute, which is a matter of law. *Bradley v. Mullenix,* 763 S.W.2d 272, 275 (Mo.App.1988).

Schuettenberg was employed as a mechanic trainee in the Board's Laclede garage. On December 17, 1990, Schuettenberg slipped in oil while working and injured his back. He reported the injury to his supervisor and was

84.340, they will in no case and under no pretext appoint or remove any policeman or officer of police, *or other person under them,* on account of the political opinions of such police officer or other person, *or for any other cause or reason than the fitness or unfitness of such a person* ....

(emphasis added). Schuettenberg argues that the words "or other person under them" could only mean civilian employees such as himself. The Board argues this section does not apply to Schuettenberg and that the words "or other person under them" refers to only those individuals who are policemen, officers of police, or members of the police force.

■ When construing a statute, it is the court's purpose to ascertain the legislature's intent from the language used and, if possible, to give effect to that intent. *Melahn v. Otto,* 836 S.W.2d 525, 527 (Mo.App.1992). Additionally, the statute must be viewed as a whole and read in its entirety. *National Advertising Co. v. Missouri State Highway & Transportation Commission,* 862 S.W.2d 953, 954 (Mo.App.1993).

Section 84.040 does not specifically define what is meant by the words "or other person under them." It is necessary to apply the rules of construction where the language is not clear and is ambiguous. *Jones v. Director of Revenue,* 832 S.W.2d 516, 517 (Mo. banc 1992).

■ In order to answer the question as to whether Schuettenberg was an employee at will or an employee who could only be discharged for cause, we must determine if the words "or other person under them" refer to civilian employees like Schuettenberg. Under the rule of *ejusdem generis,* a general term in a statute that follows an enumeration of specific things is not to be construed broadly but is to be held to apply to other things of the same kind or class as those specifically mentioned. *Pollard v. Board of Police Commissioners,* 665 S.W.2d 333, 341 (Mo. banc 1984); Black's Law Dictionary 517 (6th ed. 1990). Here, the catch-all phase "or other person under them," follows

an enumeration of two specific types of employees—policeman and officer of police. Accordingly, we read the words "or other person under them" to describe lieutenants, detectives, patrolmen, turnkeys, et cetera— in other words, members of the police force and not civilian employees like Schuettenberg.

Our conclusion that the statute does not apply to civilian employees is further supported by the fact that § 84.040, the statute Schuettenberg urges us to follow, is entitled "Police commissioners—qualifications—term of office—oath—compensation.—" Its fundamental purpose is to instruct the reader on the oath police commissioners are required to make prior to taking office, not to provide for a hearing in the event of disciplinary action.

In contrast, §§ 84.080, 84.120, 84.150 and 84.170 RSMo 1986 specifically address the issue of removal from office and termination of employment. Section 84.120 states: "The patrolmen and turnkeys hereafter appointed shall serve while they shall faithfully perform their duties and possess mental and physical ability and *be subject to removal only for cause after a hearing by the boards,* who are hereby invested with the exclusive jurisdiction in the premises." Section 84.150 contains a similar provision. Noticeably absent from these statutes, however, is mention of civilian employees like Schuettenberg. This court "may not engraft upon the statute provisions which do not appear in explicit words or by implication from other language in the statute." *Wilson v. McNeal,* 575 S.W.2d 802, 810 (Mo.App.1978).

Finally, in *Baer v. Civilian Personnel Div., St. Louis Police Officers Ass'n.,* 747 S.W.2d 159 (Mo.App.1988), the Court of Appeals was asked to determine whether civilian employees of the St. Louis City Police Department are "police" within the meaning of § 105.510 RSMo 1986.[1] In holding that civilian employees were not "police" within the meaning of § 105.510, this Court held that civilian

---

1. Section 105.510 provides, in part, that "employees, except police, ... shall have the right to form and join labor organizations and to present

proposals to any public body relative to salaries and other conditions of employment through the representative of their own choosing."

employees were distinguished from police by noting:

> The Commissioners' assertion that these individuals perform crucial tasks in assisting commissioned officers is not in dispute. These employees, however, lack the power of arrest. They are not commissioned, do not wear uniforms, do not carry a weapon, and are *not entitled to a police board hearing in the event of disciplinary action.*

*Id.*

In short, there is simply no basis to construe § 84.080 as Schuettenberg suggests. The language of the statute and the intent of the legislature, as demonstrated above, was to inform the reader of the oath of office a police commissioner is required to make. Other statutes, and specifically §§ 84.120 and 84.150, provide that members of the police force may only be dismissed for cause and are entitled to a hearing in the event of disciplinary action. Civilian employees, such as Schuettenberg, however, are simply not granted those same protections. Schuettenberg's employment was at will and he was not entitled to a hearing.[2]

■ Schuettenberg also complains that the Board's action in discharging him for "properly reporting his work-related injuries and claiming appropriate benefits to which he was entitled" violated public policy and, consequently, the trial court erred in granting the Board's motion for summary judgment on Counts I and II of his petition. Schuettenberg, however, failed to plead the specific statute which established and mandated clearly a violation of public policy that the Board violated. In *Adolphsen v. Hallmark Cards, Inc.,* 907 S.W.2d 333, 338 (Mo. App.1995), the Western District set out the following rule which is applicable here:

> Henceforth, it will not be considered sufficient merely to plead that an employee was discharged because the employee reported

the violation of a regulation by an employer. A petition must specify the legal provision violated by the employer, and it must affirmatively appear from the face of the petition that the legal provision in question involves a clear mandate of public policy.

Accordingly, we hold summary judgment was properly granted in favor of the Board.

The judgment of the trial court is affirmed in all respects.

CRAHAN, P.J., and GRIMM, J., concur.

---

2. Schuettenberg also urges that we follow *Wheeler v. Board of Police Commissioners,* 918 S.W.2d 800 (Mo.App.1996). The court's decision there, however, was based on § 84.610 RSMo 1994 and is only applicable to Kansas City personnel. It provides, in pertinent part:

> Police personnel—right to public hearing (Kansas City).—Any police officer, policeman or employee adversely affected by action taken by the chief which he is required to report to the board under the provisions of subdivision

(1) of section 84.500 shall have the right to have such action of the chief of police reviewed by the police board upon filing with the secretary of the board within ten days after the effective date of such action a written request for review by said police board. Whereupon, the police board shall grant a public hearing within fifteen days after the filing of such request.

(emphasis in original). No similar provision exists in the statutes governing St. Louis City.