**ALUMAX FOILS, INC., et al.**
**Plaintiffs/Appellants,**

v.

**The CITY OF ST. LOUIS, Missouri, et. al. Defendants/Respondents.**

No. 72311.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 4, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1998.

Application for Transfer Denied
Feb. 24, 1998.

Lewis R. Mills, Robert C. Johnson, Diana M. Schmidt, St. Louis, for plaintiffs/appellants.

Tyrone A. Taborn, Edward J. Hanlon, Stephen Wild, St. Louis, for defendants/respondents.

CRANDALL, Judge.

Plaintiffs[1] are industrial and commercial enterprises conducting business within the City of St. Louis (hereinafter City). They appeal from the judgment of the trial court upholding the validity of a City ordinance imposing a license fee of 11 percent of the cost of natural gas they purchased from suppliers outside the City but used within the City.[2] We reverse and remand.

The facts were submitted to the court as a joint stipulation of facts. Those facts established that plaintiffs had commercial and industrial facilities located within the City. They consumed natural gas in pursuit of their business activities. After January 1, 1990, plaintiffs began to purchase natural gas on the open market from vendors outside the City and, in most cases, outside Missouri.

Plaintiffs contracted with Laclede Gas Company (hereinafter Laclede), the local natural gas distributor in the City, to deliver the natural gas purchased outside the City through Laclede's distribution system. Laclede was subject to a gross receipts tax for its use and occupation of the City's streets and rights of way. After 1990, Laclede paid this tax to the City, not on the sales of the natural gas to plaintiffs, but only on the charges paid by plaintiffs for transportation services.

In 1991, the City adopted Ordinance No. 62204 (hereinafter ordinance) which imposed a "Natural Gas Transportation License Fee" (hereinafter license fee) on entities that purchased natural gas from vendors outside the City for industrial and commercial use in the City. The ordinance set the license fee at 11 percent of the cost to purchasers of the natural gas used in the City. The ordinance applied to plaintiffs.

Plaintiffs brought the present action seeking a declaration that the City lacked author-

1. Plaintiffs include Alumax Foils, Inc., American National Can Company, Anheuser–Busch Companies, Inc., Continental Baking Company and its corporate successor, Interstate Brands Corp., Monsanto Company, Ralston Purina Company, Seven Seventeen HB St. Louis Redevelopment Corp. d/b/a Adam's Mark Hotel, The Dial Corporation, Paulo Products Company, Petroleum Fuel & Terminal Co., PreCoat Metals Division of Sequa Corporation, PQ Corporation, Nooter Corporation, and Lincoln Industrial Division McNeil Corporation.

2. The Missouri Constitution limits the "exclusive appellate jurisdiction" of the Supreme Court of Missouri to certain kinds of cases, among them cases involving the construction of the revenue laws of this state and the constitutional validity of a statute or provision of the constitution of this state. Mo. Const. art. V, section 3. The supreme court found, however, that it did not have exclusive appellate jurisdiction over this matter and transferred the case to this court. *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 911 (Mo. banc 1997). The supreme court concluded that although the City ordinance in question was a revenue law, it was not a revenue law of the state. *Id.* The supreme court also held that a challenge to a municipal ordinance on the ground that a municipality exercised its otherwise constitutional authority in a manner that offended the constitution did not make the state's grant of authority to the city unconstitutional and the state law was not the cause of the constitutional violation. *Id.* at 912. This court, therefore, has jurisdiction initially to consider the issues on appeal.

ity to enact the ordinance as well as seeking to recover amounts previously paid to the City under the ordinance. The trial court found the ordinance was valid. Plaintiffs appeal.

In their first point, plaintiffs contend the trial court erred in upholding the validity of the ordinance. They argue that there was no statutory authority for the City to adopt the license fee and cite to section 92.045, RSMo (1994) to support their argument.

■ Section 92.045.1, which is applicable to the City,[3] reads as follows:

Any constitutional charter city in this state which now has or may hereafter acquire a population in excess of six hundred fifty thousand inhabitants, according to the last federal decennial census, is hereby authorized, for city and local purposes, to license, tax, and regulate the occupation of merchants, manufacturers, and all businesses, avocations, pursuits, and callings that are not exempt from the payment of licenses by law and may, by ordinance, base such licenses on gross receipts, gross profits or net profits, per capita, flat fee, graduated scale based on gross or net receipts or sales, or any other method or measurement of tax or any combination thereof derived or allocable to the carrying on or conducting of any business, avocation, pursuits or callings or activities carried on in such cities.

When construing a statute, it is the court's purpose to ascertain the legislature's intent from the language used and, if possible, to give effect to that intent. *Schuettenberg v. Board of Police Com'rs of the City of St. Louis*, 935 S.W.2d 712, 714 (Mo.App. E.D. 1996). The statute must be viewed as a whole and read in its entirety. *Id.*

Section 92.045 granted authority to the City to impose a license fee based upon "gross receipts, gross profits or net profits, per capita, flat fee, graduated scale based on gross or net receipts or sales ..." All of these phrases and terms related in some way to what the licensee sold in the way of goods or provided in the way of services as part of its business activities. The terms did not relate to what the licensee spent or purchased in the furtherance of its business activities. The license fee imposed on plaintiffs by the City was measured by the amount of natural gas they purchased. Such a license fee was not authorized by section 92.045.

■ Authority for the City's imposition of the license fee on the basis of the purchase of natural gas also could not be premised on the phrase "or any other method or measurement of tax ..." In statutory interpretation, the rule of *ejusdem generis* provides that "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Sutherland Statutory Construction section 47.17 (5th Ed.) (footnotes omitted). Where the specific terms or phrases identify a class, the particular words restrict the meaning of the general, catchall phrase by treating the particular words as indicating the class and the general words as extending the provisions of the statute to everything embraced in that class. *Id.* In section 92.045, the particular terms are related to the sale of goods and services by plaintiffs; and the phrase "or any other method or measurement of tax ..." would only include license fees of the same general type and not license fees based on purchases by plaintiffs.

■ In addition, the license fees assessed under section 92.045 were based on sales or receipts "derived or allocable to the carrying on or conducting or any business, avocation, pursuits or callings or activities ..." Here, the purchase of natural gas was not the business, avocation, pursuit, or calling of plaintiffs from which there would be sales or receipts on which to assess the license fee. The natural gas purchased by plaintiffs was necessary for the pursuit of plaintiffs' business activities, but was merely ancillary to their businesses and was not part of the sales and services they provided as part of their commercial endeavors.

**3.** In 1967, the City was a constitutional charter city and had a population in excess of 650,000. The City's subsequent loss of population did not affect the applicability of section 92.045. Section 1.100, RSMo (1994); *see also Nicolai v. City of St. Louis*, 762 S.W.2d 423, 426 (Mo. banc 1988).

The City posits that in the absence of statutory authority to do so, it had authority under the Missouri Constitution to impose the license fee. The City cites to article VI, section 19(a) of the Missouri Constitution which provides:

Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

Mo. Const. art VI, section 19(a). This constitutional provision requires that charter city ordinances be consistent with the constitution and "not limited or denied" by state statutes. *City of Springfield v. Goff,* 918 S.W.2d 786, 789 (Mo. banc 1996).

In the case before us, the license fee which the City attempted to impose on plaintiffs was in the nature of a use tax.[4] At all times pertinent to this litigation, the State had a comprehensive statutory scheme dealing with sales and use taxes for State purposes in Chapter 144, RSMo (1994).[5] The State also enacted the City Sales Tax Act which authorized cities to impose sales taxes. Sections 94.500–94.570, RSMo (1994). Because the sales tax act required that a sales tax be passed in a prescribed manner, the act "limited" the power of cities to pass ordinances under section 19(a). *ACI Plastics, Inc. v. City of St. Louis,* 724 S.W.2d 513, 516 (Mo. banc 1987). There was no corresponding statute authorizing cities to impose municipal use taxes. Thus, the State completely occupied and preempted the field of use taxes in Chapter 144 and did not carve out a process for cities to enact use taxes as it did for sales taxes. The City therefore lacked the authority to enact a use tax. The ordinance, which imposed the license fee on plaintiffs for natural gas purchased outside the City but used within the City, was invalid.

The trial court erred in finding that the ordinance was valid. Plaintiffs' first point is granted.

Plaintiffs raise two other claims of error regarding the trial court's determination that the ordinance was valid: first, the transportation of natural gas was subject only to federal regulation and was immune from state or local regulation; and second, the ordinance impermissibly discriminated against those who purchased natural gas in interstate commerce. In view of our holding that the ordinance is invalid, we need not address the remaining claims on appeal.

The judgment of the trial court is reversed and the cause is remanded.

AHRENS, P.J., and KAROHL, J.,concur.

---

4. A use tax is a tax "imposed for the privilege of storing, using or consuming within this state any article of tangible personal property...." Section 144.610, RSMo (1994).

5. Section 144.748, RSMo (1994) was the statute by which the State collected the use taxes for the benefit of localities. The United States Supreme Court held that particular statute unconstitutional in *Associated Industries of Missouri v. Lohman,* 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994) on the basis that the tax scheme impermissibly discriminated against interstate commerce in those localities where the use tax exceeded the sales tax. Missouri Senate Bill 981 repealed that statute in 1996.