STATE of Missouri ex rel. Keith McGULL, Appellant,

v.

ST. LOUIS BOARD OF POLICE COMMISSIONERS, et al., Respondents.

No. ED 85838.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 2005.

Nels C. Moss, Jr., The Moss Law Firm, L.L.C., Clayton, MO, for appellant.

Edward J. Hanlon, Jane B. Shaw, St. Louis, MO, for respondents.

KENNETH M. ROMINES, Judge.

Keith McGull (McGull), a police officer with the St. Louis Metropolitan Police Department, appeals from the Judgment denying his request for a hearing before the Police Board in his termination case. We reverse and remand with directions to grant the petition for mandamus requesting a hearing.

The record reveals that this matter had its genesis when the Police Department issued its Allegation of Employee Conduct Report on 17 January 2003. On 22 March 2004, formal Charges and Specifications alleging conduct unbecoming an officer were issued and sent to McGull. McGull also received a letter notifying him that his hearing was scheduled for 11 May 2004, before Hearing Officer Mavis T. Thompson. Thompson, an attorney, is not a member of the St. Louis Board of Police Commissioners (Board or St. Louis Board).

In reliance on Police Department Rule 7.018, the Board informed McGull that his hearing would be before a hearing officer.[1] At such a hearing, no board members are present. The hearing officer renders a judgment, recommends discipline, and submits recommended Findings of Fact and Conclusions of Law, to which the parties may then file written exceptions. These Findings of Fact and Conclusions of Law and exceptions, along with a transcript and videotape of the hearing, are to be given to the Board. The Board is to review these materials and makes its final decision.

On 10 May 2004, McGull refused to accept termination, and requested and obtained a continuance of his hearing until 13 July 2004. On 6 July 2004, McGull filed a Request for Hearing before the Board.

On 9 July 2004, the Board denied McGull's hearing request. That same day, McGull filed his Petition for Mandamus and/or Prohibition and for Declaratory Judgment with Stay Order, which requested the Court to order the Board, or a quorum thereof, to conduct his hearing; to prohibit Thompson from conducting the hearing on 13 July 2004; and to declare invalid the part of Rule 7.018 that authorizes hearings before hearing officers. The Board filed its Motion to Dismiss McGull's Petition on 6 August 2004.

1. Police Department Rule 7.018 allows the Board to delegate its hearing authority as follows: "Under Missouri law, the Board of Police Commissioners is vested with exclusive authority to hear and render decisions at Board hearings. The Board is entitled by law to delegate the hearing authority to a non-board member."

On 12 July 2004, the Circuit Court of the City of St. Louis granted the Preliminary Order in Mandamus and Prohibition and for Declaratory Judgment with a Stay Order.

On 24 November 2004, the Circuit Court entered an Order and Judgment denying McGull's Petition for Mandamus or Prohibition and for Declaratory Judgment, and quashed the preliminary order in mandamus. The Court held that Sections 84.010 through 84.340 RSMo (2003), which govern the St. Louis Board, give the Board broad authority to establish rules that govern the police department. Section 84.170 authorizes the Board to make "all such rules and regulations . . . as they may judge necessary." The Circuit Court concluded that this broad authority allows the Board to make a rule that delegates hearing authority to a Hearing Officer. The Court also found that Sections 84.350 through 84.860 RSMo (2003), which govern the Kansas City Board of Police Commissioners (Kansas City Board), are much more detailed and specific than Sections 84.010 through 84.340, and therefore confer less rule-making authority upon the Kansas City Board. Accordingly, the Court concluded that *State ex rel. Rogers v. Board of Police Commissioners of Kansas City*, 995 S.W.2d 1 (Mo.App. W.D.1999), which held that Section 84.600 requires the Kansas City Board to conduct hearings, does not apply to the St. Louis Board; and even if it did, it would not prohibit the use of hearing officers, because the St. Louis Board has broad power under Section 84.170. Additionally, the Court decided that "exclusive" jurisdiction, as used in Section 84.150, does not mean "non-delegable" jurisdiction; rather, "exclusive" means that "the one who holds the 'exclusive' rights must explicitly authorize any delegation." Thus, the Court found that delegation of hearing authority under Rule 7.018 was consistent with the Board's ex-

clusive jurisdiction. Finally, the Court concluded that the Board's use of hearing officers does not constitute a denial of due process, because hearing officers submit videotapes of witness testimony to the Board members, who can then evaluate witness credibility and render the final decision. This appeal followed.

 While it is true that the denial of a writ of mandamus is discretionary, the lower court's decision was a matter of statutory interpretation. Statutory interpretation is a question of law, which we review *de novo*. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Ochoa v. Ochoa*, 71 S.W.3d 593, 595 (Mo. banc 2002). When interpreting a statute, we must ascertain legislative intent from the language; give effect to that intent, if possible; and consider the words in their plain and ordinary meaning. *Budding v. SSM Healthcare System*, 19 S.W.3d 678, 680 (Mo. banc 2000). The Court cannot look to rules of construction unless a statute contains an ambiguity. *State ex rel. Baumruk v. Belt*, 964 S.W.2d 443, 446 (Mo. banc 1998).

McGull raises three points on appeal. However, because we find relief for McGull on his first and second points, we need not address the constitutional due process argument he makes in his third point.

 In his first and second points on appeal, McGull argues that the Board lacks the statutory authority to enact Rule 7.018, which allows the Board to delegate its hearing authority to a hearing officer. McGull claims that the plain language of Sections 84.150 and 84.170 indicates that delegation of the Board's hearing authority pursuant to Rule 7.018 is inconsistent with the "exclusive jurisdiction" given by Section 84.150. McGull also claims that the differences between the statutes governing the Kansas City and St. Louis Boards are

insignificant, and *Rogers* therefore controls. We agree that the Board cannot delegate the hearing, and find *Rogers* helpful and persuasive.

Section 84.170, which governs the St. Louis Board, provides the Board with rule-making power: "[t]he boards of police are hereby authorized to make all such rules and regulations, not inconsistent with sections 84.010 and 84.340, or other laws of the state, as they may judge necessary, for the appointment, employment, uniforming, discipline, trial and government of the police." Section 84.150 establishes an officer's right to a hearing before termination: "[t]he officers of the police force shall ... be subject to removal only for cause after a hearing by the board, who are hereby invested with exclusive jurisdiction in the premises."

Section 84.420.2, which governs the Kansas City Board, establishes the Board's power to make rules: "[t]he board shall determine the policy and in fulfillment of the duties and responsibilities herein provided and to this end shall: (1)[a]dopt rules and regulations not inconsistent herewith governing the conduct of such police department." Section 84.600 sets out the right to a hearing before the Kansas City Board:

> Policemen and police officers shall be subject to discharge or removal only for cause and upon complaint being made or charges being preferred against them ... and they shall have the right to appear before the board at a public hearing ... and be confronted by the witnesses against them and to be defended by counsel and the board after hearing the charges shall take a vote of yeas and nays to be entered upon the records whether or not the charges have been sustained and what punishment, if any, shall be imposed.

The St. Louis Board contends that the differences between the St. Louis and Kansas City statutes are significant, and give broad power to the St. Louis Board, but much narrower power to the Kansas City Board. Section 84.170 authorizes the St. Louis Board to make "all such rules ... as they may judge necessary." The St. Louis Board argues that this language provides greater authority than Section 84.420.2, which grants the Kansas City Board the authority to "adopt rules ... governing the conduct of such police department." We disagree, as we find the differences between Sections 84.170 and 84.420.2 insignificant.

We must interpret Sections 84.170 and 84.420.2 by looking at the plain meaning of the words. Neither provision contains language of limitation. Nor are we allowed to read such a limitation into the statute. Thus, it is immaterial that the St. Louis provision uses the phrases "all such rules" and "as they may judge necessary," while the Kansas City provision—"the board shall ... [a]dopt rules and regulations"—lacks this language. The language in the Kansas City provision is sufficient to create rule-making power in its Board. This Court is not persuaded that Section 84.170 creates greater authority than Section 84.420.2.

We also find that the differences in Section 84.150—St. Louis—and Section 84.600—Kansas City, are in style and not meaning. Both statutes entitle police officers facing termination to a hearing in front of the respective Board of Police Commissioners. Section 84.150 states that St. Louis police officers shall be "subject to removal only for cause after a hearing *by the board*, who are hereby invested with the exclusive jurisdiction in the premises." (Emphasis added). Similarly, Section 84.600 provides that Kansas City police officers "shall be subject to discharge or

removal only for cause ... and they shall have the right to appear *before the board* at a public hearing ..." (Emphasis added). Section 84.600 delineates numerous other procedural rights afforded officers facing termination, including the rights to confront witnesses and be defended by counsel. Section 84.600 also details the procedures the Kansas City Board must follow.

The St. Louis Board argues that the phrase "before the board" in the Kansas City provision, combined with the detailed board hearing procedures enumerated, creates a right to a board hearing that is not paralleled in the St. Louis provision. We disagree. The phrase "by the board," just like the phrase "before the board," indicates an intent to create a right to a board hearing. While the St. Louis provision does not list the specific procedures the Board must use, it does not follow that officers are not entitled to a hearing before the Board.

The St. Louis Board also argues that its practice of using hearing officers is consistent with its "exclusive jurisdiction" pursuant to Section 84.150. Again, we disagree. Black's Law Dictionary (8th ed.2004) defines "exclusive jurisdiction" as "[a] court's power to adjudicate an action or class of actions to the exclusion of all other courts." A grant of exclusive jurisdiction requires a body, in this case the St. Louis Board of Police Commissioners, to adjudicate the matter to the exclusion of all others. In other words, the St. Louis Board of Police Commissioners must hear the case. Rule 7.018 is inconsistent with the statutory command, and cannot stand.

Because we find no significant differences in the St. Louis and Kansas City statutes, *Rogers* is instructive. The facts of *Rogers* are remarkably similar to ours. In *Rogers*, the Kansas City Police Chief filed charges and specifications against Sergeant John A. Rogers. *Rogers*, 995

S.W.2d at 2. On the morning of Rogers's hearing, the Kansas City Board adopted a resolution that appointed its Secretary/Attorney as hearing officer for the matter. *Id.* Pursuant to this resolution, the hearing officer was directed to hear evidence and provide the transcript and exhibits to the Board for its decision. *Id.* Rogers objected to use of the hearing officer and sought a writ from the Jackson County Circuit Court prohibiting the hearing officer from presiding over the case. *Id.* The Circuit Court entered an order in mandamus that ordered the Kansas City Board to provide Rogers with a hearing before the full Board, or a quorum thereof. *Id.* The Kansas City Board appealed on the ground that Section 84.600 does not prohibit the appointment of a hearing officer. *Id.*

The Missouri Court of Appeals, Western District, held that Section 84.600 entitles Kansas City police officers facing termination to a hearing before the Kansas City Board, or a quorum thereof; delegation of this hearing authority to a hearing officer was inappropriate. *Rogers*, 995 S.W.2d at 4. The Court reasoned that fact-finding is not so burdensome as to prevent the Board from operating fully if it is required to conduct hearings. *Id.* The Court noted that the Missouri Supreme Court held that the authority to delegate need not be expressed in the statute; rather, it may be implied if there is a "reasonable basis for such implication." *Id.*; quoting *Brown Group v. Admin. Hearing Comm'n,* 649 S.W.2d 874, 878 (Mo. banc 1983). In *Brown Group,* the Missouri Supreme Court found that ministerial acts, such as signing an additional tax assessment, may be delegated. *Brown Group,* 649 S.W.2d at 878–79. *Rogers,* however, distinguished *Brown Group* and held that there is no express authority in Section 84.600 to delegate the Board's hearing authority; neither may this authority be implied. *Rog-*

*ers*, 995 S.W.2d at 4. Moreover, the Court noted the importance of the duty of determining facts and credibility—responsibilities that do not constitute mere "ministerial acts." *Id.*

In this matter, just as in *Rogers*, the Board of Police Commissioners delegated its statutory hearing authority to a hearing officer. Just like the officer in *Rogers*, McGull faced termination, and yet was denied a hearing before the full Board. In both *Rogers* and this case, the hearing officers' practice is to provide the Board with the hearing evidence and transcripts; the Board then renders the final decision. As already discussed, we do not find the differences between the St. Louis and Kansas City provisions significant. Accordingly, we are persuaded that the reasoning in *Rogers* applies to the St. Louis Board.

The St. Louis Board contends that *Schuettenberg v. Board of Police Com'rs of City of St. Louis*, 935 S.W.2d 712 (Mo. App. E.D.1996), applies to this matter. However, *Schuettenberg* is not on point. *Schuettenberg* involved an entirely different statute, Section 84.040, and an entirely different class of employees, civilian employees. Section 84.040 gives St. Louis personnel—not police officers—the right to a hearing. *Schuettenberg* involved a single St. Louis statute that concerned personnel—not police officers. The issue in *Schuettenberg* was whether the plaintiff fell into the category of "personnel," which is entitled to a hearing under Section 84.040. This case, however, involves two statutes—one for St. Louis and one for Kansas City—that apply to police officers. Unlike *Schuettenberg*, our task is not to determine if McGull is a "police officer." We considered whether Section 84.150 grants a hearing before the board, and we concluded that it does. The court in *Schuettenberg* even distinguished the stat-

utes in our case from Section 84.040: "[o]ther statutes, and specifically [Sections] 84.120 and 84.150, provide that members of the police force may only be dismissed for cause and are entitled to a hearing in the event of disciplinary action. Civilian employees, such as Schuettenberg, however, are simply not granted those same protections." *Schuettenberg*, 935 S.W.2d at 715. *Schuettenberg* is not helpful to our comparison of the provisions at issue.

The St. Louis Board urges us to affirm this case because, it argues, the effectiveness and efficiency of the Board will suffer it if must provide full Board hearings. However, the Board also claims that it reviews the hearing transcripts and videotapes. Viewing a videotape of a hearing takes no less time than attending the actual hearing. The St. Louis Board also contends that it is more convenient for the Board members to review the hearing materials on their own time, and it is too burdensome to schedule a time for all members to sit for a hearing. We agree with the Western District: fact finding is not so burdensome as to prevent the Board from operating fully. *See Rogers*, 995 S.W.2d at 4. Simply, Section 84.150 grants a hearing "by the board." The judgment is reversed and remanded to the Circuit Court, to grant the petition for mandamus requesting a hearing before the full Board or a quorum thereof.

GARY M. GAERTNER, SR., P.J. and GEORGE W. DRAPER III, J., concur.