

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| JOSHUA LASLEY, | ) | No. ED112661 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Ellen H. Ribaudo |
| ST. LOUIS COUNTY, ET AL., | ) | |
| | ) | |
| Appellants. | ) | Filed: March 4, 2025 |

### Introduction

This appeal concerns whether the St. Louis County Board of Police Commissioners can delegate its duty to hear disciplinary appeals initiated by St. Louis County police officers to a hearing officer. St. Louis County, the St. Louis County Board of Police Commissioners, and Commissioners Thomasina Hassler, Brian Ashworth, Richard Banks, and Michelle Schwerin (collectively, the "Board") appeal the trial court's issuance of a permanent writ of prohibition. The writ prohibited the Board from delegating its duty to hear Joshua Lasley's ("Lasley") disciplinary appeal to a hearing officer.

The Board raises two points on appeal. In Point I, the Board contends the trial court erred in issuing a permanent writ of prohibition because the St. Louis County Charter (the "Charter") does not require disciplinary appeal hearings to be heard *before the Board*. Specifically, the Board contends the Charter and the St. Louis County Ordinance (the "Ordinance") authorize the Board

"to establish its own rules and procedures for police disciplinary matters." In Point II, the Board contends the trial court erred in denying its motion to dismiss because the issue in the underlying case was moot after the St. Louis County Chief of Police (the "Chief" or "the superintendent of police") rescinded Lasley's disciplinary action.

Regarding Point I, this Court holds the Board does not have explicit authority to delegate its duty to hear disciplinary appeals to a hearing officer. As to Point II, this Court holds the matter is not moot as there is still a justiciable controversy.

Accordingly, the trial court's judgment is affirmed.

**Factual and Procedural Background**

Lasley, a police officer with the St. Louis County Police Department ("Police Department"), received a disciplinary notice from the Chief "related to some actions where [Lasley] would have been involved in some secondary employment[.]" The discipline required Lasley to give up twenty-four hours of paid time off ("PTO")/vacation time. Lasley appealed the disciplinary action to the Board. On June 10, 2022, Lasley was informed his appeal would be heard before a hearing officer instead of the Board.

On June 22, 2022, Lasley filed a petition for a preliminary and permanent writ of prohibition. Therein, he argued the Board exceeded its authority by delegating its duty to hear his disciplinary appeal to a hearing officer, and requested the trial court issue a writ barring the Board from assigning a hearing officer to hear the appeal. The Board filed a motion to dismiss Lasley's petition for failure to state a claim. The Board argued both the Charter and Ordinance authorized it to "set forth rules and procedures for police disciplinary matters" and delegate its duty of hearing disciplinary appeals to a hearing officer. Specifically, the Board contended the authority to hear

2

disciplinary appeals, granted to it by the Charter, did not expressly require appeals be heard "before the Board." The trial court denied the Board's motion to dismiss and, in pertinent part, found:

> 2. The St. Louis County Charter provides specifically that the Board of Police Commissioners … hear appeals from disciplinary decisions, see section 4.270(1) and (5) of the Charter. In allowing the Board to make policies or rules to implement these processes the Charter does not speak to giving the Board the authority to assign their duty to hear appeals.

> 3. The Board of Police Commissioners adopted a policy or rule by which the Board may appoint a hearing officer to act as its designee **for all pre-trial matters and to review evidence presented in any hearing and make recommendations to the Board.** The rule or policy speaks specifically to pre-hearing matters, not the actual hearing, and permits the hearing officer to be present with the Board and to make a recommendation to the Board but it is the Board who must decide the appeal.

(emphasis in original).

On January 23, 2024, Lasley received a notice related to the disciplinary action against him. The notice stated Lasley's twenty-four hours of PTO/vacation balance was reinstated by the Chief. However, the determination Lasley violated the general orders of the Police Department remained in his Bureau of Professional Standards ("BPS") file. Following the notice, the Board filed a second motion to dismiss and argued Lasley's petition was moot.

On March 7, 2024, the trial court held a hearing on the Board's motion to dismiss. At the hearing, the Board provided that it had removed any reference to the previously imposed discipline from Lasley's personnel file and noted the status change in his BPS file from suspension to no discipline. The Board also argued its intention to hear Lasley's appeal before the Board rendered the case moot as that was the relief Lasley sought. Conversely, Lasley argued a live controversy existed because the fact he was sent a notice of a status conference for his hearing was a clear indication the matter was pending before the Board and not fully resolved. After hearing the

3

parties' respective arguments, the trial court denied the motion and found a live controversy was present.

The trial court then held a hearing on Lasley's petition for a permanent writ of prohibition. Lasley argued the Board has a duty to hear disciplinary appeals under the Charter. He also pointed to the Charter's express language providing a police officer has a right to have their appeal heard by the Board. In response, the Board argued it has the authority to assign hearing officers on the same basis it argued in its motion to dismiss.

On March 25, 2024, the trial court issued a permanent writ of prohibition, which barred the Board from assigning a hearing officer to hear Lasley's disciplinary appeal. In its order, the trial court concluded "there is no express authority in the Charter allowing the Board … to assign [its] duty to hear an appeal of [Lasley's] disciplinary matter to a hearing officer nor does the Charter allow the Board … to unilaterally take away [Lasley's] right to have his appeal heard by the Board[.]"

This appeal follows.

## Standard of Review

"The standard of review for writs of mandamus and prohibition … is abuse of discretion, and an abuse of discretion occurs where the [trial] court fails to follow applicable statutes." *State ex rel. Auto Owners Ins. Co. v. Messina*, 331 S.W.3d 662, 664 (Mo. banc 2011) (citations omitted). "Where, as here, the question of whether an abuse of discretion has been committed depends on the interpretation of a statute, this Court reviews the statute's meaning *de novo*." *State ex rel. Nothum v. Walsh*, 380 S.W.3d 557, 561 (Mo. banc 2012) (internal quotations and citation omitted). In making its determination, this Court is mindful a writ of prohibition is an extraordinary remedy

"to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 355 (Mo. banc 2021) (citations omitted).

## Discussion

The Board asserts two points on appeal. In Point I, the Board argues the trial court erred in issuing a permanent writ of prohibition because the Charter and Ordinance authorized the Board to delegate its duty to hear disciplinary appeals to a hearing officer. In Point II, the Board argues the trial court erred in denying its motion to dismiss Lasley's petition because there was no justiciable controversy after his discipline was rescinded. We find both points are without merit. For ease of analysis, we first discuss the issue of mootness. We then turn to the trial court's issuance of a permanent writ of prohibition.

### A. *Mootness*

"[A] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (internal quotations and citations omitted). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016) (citations omitted).

Pursuant to § 4.280 of the Charter, "*[a]ll cases of disciplinary action* shall be subject to each employee's right of appeal to the board of police commissioners[.]" (emphasis added). Although the Chief rescinded the ***discipline imposed*** against Lasley, the ***determination*** Lasley violated the general orders of the Police Department was not redacted from his BPS file. This determination can still be appealed and, in future incidents, can be considered by the Board in

disciplinary proceedings against Lasley. As such, there is a justiciable controversy regarding the violation in Lasley's BPS file to which he has not been afforded a hearing. Therefore, the matter is not moot.

B. *Board's authority to delegate its duty to hear appeals to a hearing officer*

We now turn to the Board's contention the trial court erred in granting the permanent writ of prohibition because the Charter does not expressly prohibit it from delegating its duties to a hearing officer.

The Board is created by the Charter and endowed with specific powers and duties. *See* ST. LOUIS COUNTY CHARTER*,* §§ 4.270.2, 4.270.7. The Ordinance also grants the Board additional powers and duties. *See* ST. LOUIS COUNTY ORDINANCE*,* § 701.050*.* Relevant to this appeal are §§ 4.270 and 4.280 of the Charter and § 701.050 of the Ordinance. This Court applies the same rules used in construing a state statute when ascertaining the meaning of a city ordinance and charter. *See Boles v. City of St. Louis*, 690 S.W.3d 592, 600 (Mo. App. E.D. 2024); *Associated Elec. Co-op., Inc. v. City of Springfield*, 793 S.W.2d 517, 523 (Mo. App. S.D. 1990) ("In construing the charter[,] we seek the intent of the drafters from the language used, give effect to that intent if possible, and consider the words in light of their plain and ordinary meaning."). "The primary rule of statutory construction is to determine the intent of the [drafters] from the language used by considering the plain and ordinary meaning of the words used in the statute." *Dubinsky v. St. Louis Blues Hockey Club*, 229 S.W.3d 126, 130 (Mo. App. E.D. 2007). "This Court presumes 'the [drafters] intended that every word, clause, sentence, and provision of a statute have effect and [should] be given meaning.'" *Boles*, 690 S.W.3d at 600 (quoting *City of Bridgeton v. Titlemax of Mo., Inc.,* 292 S.W.3d 530, 536 (Mo. App. E.D. 2009)). Equally, we presume the drafters did not include excess verbiage in a statute. *Id.* This Court must give effect to the language

as written and not engage in statutory construction when the statutory language is clear and unambiguous. *Id.*

In pertinent part, under § 4.270.7(3) of the Charter, the Board has a duty "to hear and determine appeals from the decisions of the superintendent of police on disciplinary matters arising within the department[.]" Pursuant to § 4.280, "[a]ll cases of disciplinary action shall be subject to each employee's right of appeal to the board of police commissioners, whose findings and orders shall be final and conclusive." The Charter and Ordinance, respectively, authorize the Board "to promulgate … a manual of rules and regulations for the … discipline of personnel of the department of police" and "[h]ear and determine appeals from the Superintendent on disciplinary matters in accordance with the rules of procedure set forth in the manual promulgated by the Board." ST. LOUIS COUNTY CHARTER, § 4.270.7(5); ST. LOUIS COUNTY ORDINANCE, § 701.050.4. These provisions are clear and unambiguous. It is clear to this Court the drafters of the Charter and Ordinance intended to impose a duty on the Board to hear all cases involving an employee's appeal of disciplinary action taken against them.

Furthermore, despite the Charter and Ordinance's clear and unambiguous language, the Board maintains it is permitted to appoint a hearing officer because it can promulgate its own rules to hear and determine disciplinary appeals. We find this argument unpersuasive. The Board correctly asserts its rules of appellate procedure provide it "may appoint a Hearing Officer to act as its designee for all ***pre-hearing matters*** and to ***review the evidence presented in any hearing*** and make recommendations to the Board." (emphasis added). But, the disciplinary proceeding at issue is not a pre-hearing matter, it is the *final disciplinary appeal* hearing. Fatal to the Board's argument is the absence of express authority in the Charter, Ordinance, and even its own rules of appellate procedure granting it the authority to delegate its duty to hear *disciplinary appeals* to a

7

hearing officer. It is well-established "[t]his court 'may not engraft upon the statute provisions which do not appear in explicit words or by implication from other language in the statute.'" *See State ex rel. Rogers v. Bd. of Police Comm'rs of Kansas City*, 995 S.W.2d 1, 6 (Mo. App. W.D. 1999) (quoting *Schuettenberg v. Bd. of Police Comm'rs of City of St. Louis*, 935 S.W.2d 712, 714 (Mo. App. E.D. 1996)). Therefore, this Court holds Lasley's disciplinary appeal hearing must be heard before the Board, as the Board does not have explicit authority to delegate its duty to hear disciplinary appeals to a hearing officer. *See id.* at 6–7 (holding the board of police commissioners needed explicit statutory authority to appoint hearing officers to act in its place).

Accordingly, the trial court did not abuse its discretion in issuing its permanent writ of prohibition.

Points I and II are denied.

### Conclusion

The judgment of the trial court is affirmed.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
Robert M. Clayton III, J. concur.

8